United States Courts
Southern District of Texas
FILED
MAY 14 2004
Michael N. Milby, Clerk

IN THE ____TH JUDICIAL DISTRICT COURT

IN AND FOR THE STATE OF TEXAS

HOUSTON, TEXAS

JESUS GOMEZ NIETO,

    Plaintiff,

H-04-1963

V.                    CAUSE NO:_____

PAUL C. LOONEY,

    Defendant.

## PRO SE COMPLAINT FOR CIVIL RIGHT VIOLATION

## (UNLAWFUL DEPRIVATION OF PROPERTY)

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, **JESUS GOMEZ NIETO**, hereinafter referred to as Plaintiff and respectfully petitions this Honorable Court for grant leave so Plaintiff can bring forth his lawsuit for the recovery of monetary damages and, in support thereof, Plaintiff would show as follows:

I

### JURISDICTION

The case herein involves one **PAUL C. LOONEY**, henceforth Defendant, an attorney who was retained to represent Defendant against federal, weapon charges, but who subsequently and

abruptly withdrew from said representation upon Plaintiff's failure to meet the payment deadline of the balance of Defendant's fees and Defendant's blatant refusal to refund a portion of retainer, despite services in the nominal amount. Inasmuch as these events transpired at Houston, Texas and Plaintiff has remained incarcerated ever since, this Court is invested with the jurisdiction of the subject matter herein.

## II

### PRO SE LITIGATION

Plaintiff avers that he is a pro se litigant and, as such, he respectfully requests, in accordance with the rule of construction for pro se pleadings, that all his pleadings be construed liberally and held to less stringent standards than the formal pleadings of a professional lawyer. See, **Haines v. Kerner,** 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) per curiam; **Fisher v. Texas,** 169 F.3d 295, 298 (5th Cir. 1999); **Rodriguez v. Holmes,** 963 F.2d 799, 801 (5th Cir. 1992)(citing **Richardson v. Fleming,** 651 F.2d 366, 368 (5th Cir. 1981).

## III

### HISTORY AND FACTUAL BACKGROUND

On May 15, 2001, Plaintiff and his brother, **GUILLERMO CARLOS GOMEZ**, were arrested for state drug related charges. Shortly thereafter, said Plaintiff's brother made arrangements

with Honorable Gilberto Villareal, a Houston, Texas attorney, for representation on said charges pending before a State District Court in Houston, Texas. Notwithstanding said charges, Plaintiff, nonetheless, never made a single court-appearance regarding said charges. Eventually, on May 15, 2002, said charges were ordered dismissed as to Plaintiff. At some point after Plaintiff's initial arrest, Plaintiff arranged with Defendant to represent him on federal, weapon charges that stemmed from the state's arrest. Defendant quoted Plaintiff a price of $25,000.00. Shortly thereafter, Plaintiff arranged to have his family pay Defendant a retainer in the sum of $7,000.00 on May 23, 2001. For the payment of the balance, Defendant set a deadline of June 7, 2001. When Plaintiff could not procure additional funds to meet said date, Defendant swiftly moved the United States District Court for leave to withdraw from Plaintiff's case. Following said withdrawal, Plaintiff, at a chance happening, confronted Defendant for a refund. Defendant explained that Plaintiff was not entitled to a refund, but a limited refund in the amount of $2,000.00 would be instantaneously deposited in Plaintiff's Inmates Trust Account by Defendant upon concurrence. Plaintiff resorted that said amount o refund was unacceptable and that Plaintiff's family would settle said issue with Defendant. Subsequent attempts by Plaintiff's family to confer with Defendant regarding the same were to no avail. Further, Plaintiff's written communications to Defendant were not returned. Finally, Plaintiff took the matter before the State Bar of Texas, which found no evidence of professional misconduct in its March 22, 2004 finding. Besides the federal, detention hearing, Defendant made no other court appearance in Plaintiff's behalf.                    PAGE-3.

IV

**CLAIMS AGAINST DEFENDANT**

Defendant's continued retention of Plaintiff's property, namely, the sum of $7,000.00 in United States currency, is unlawful and the same represents an abridgment of Plaintiff's right under the State of Texas Constitution.

V

**INJURY**

As a result of said unlawful deprivation of Plaintiff's property by Defendant, Plaintiff suffered injury in that said Defendant's unlawful conduct deprived Plaintiff of his right to enjoy his lawful property. Furthermore, Plaintiff suffers additional injury in the form of stress and mental anguish as Plaintiff painstakingly endeavored to recover his property.

VI

**RELIEF**

(a)   For damages, Plaintiff seeks the full refund of $7,000.00 from Defendant.

(b)   For stress and mental anguish, Plaintiff seeks from Defendant the sum of $15,000.00.

(c)   For punitive awards, Plaintiff seeks from Defendant the sum of $75,000.00.

(d)   For attorney fees and court costs, Plaintiff seeks from Defendant the sum of $750.00.

(e)   For such and further relief that Plaintiff may himself be justly entitled, Plaintiff seeks compensation from Defendant for such sum as deemed fit herein by the Court.

## VII

### DEFENDANT'S WHEREABOUTS

Defendant herein can be contacted during business hours at his office which is located at **11767 KATY FREEWAY, SUITE 740, HOUSTON, TX. 77079**. His business telephone number is **(713) 597-8818**.

**ON CONSIDERATION WHEREOF, JESUS GOMEZ NIETO,** Defendant herein prays that this Honorable Court grant leave herein so that Plaintiff's lawsuit can proceed. Additionally, Plaintiff prays that the Court immediately order the Clerk to prepare and serve summons, along with a copy of the complaint herein, onto Defendant at the above location.

Respectfully Submitted,

Dated: May 10, 2004.

*/s/ Jesus Nieto*
Jesus G. Nieto, 97792-079
RCDC II, Box 1013
P. O. Box 1560
Pecos, Tx. 79772

### OATH OF AFFIRMATION

I, **JESUS GOMEZ NIETO,** Plaintiff herein, hereby declare under penalty of perjury that the foregoing is true and correct in its entirety.

*/s/ Jesus Nieto*
Jesus Gomez Nieto

5.